Case 7:20-cv-00343 Document 85 Filed on 02/08/22 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:20-CV-00343 |
| § | |
| ROSENDO RAMIREZ, *et al.*, § | |
| § | |
| Defendants. § | |

### ORDER GRANTING JOINT MOTION FOR ORDER ESTABLISHING JUST COMPENSATION, GRANTING POSSESSION, AND DISTRIBUTING FUNDS ON DEPOSIT IN THE REGISTRY OF THE COURT FOR TRACT RGV-RGC-8007

Before the Court is the "Joint Motion for Order Establishing Just Compensation, Granting possession, and Distributing Funds on Deposit in the Registry of the Court for Tract RGV-RGC-8007" filed by the United States of America and Defendants Santos Ramirez Lopez, Aurora Ramirez Rodriguez, Linda Diana Soto Chapa, Joel Armando Alvarez, Jorge Alfredo Alvarez, Juan Abel Alvarez, Javier Alejandro Alvarez, Sylvia Alvarez, Jose Adan Alvarez, Unknown Heirs of Rosendo Ramirez, Unknown Heirs of Rene R. Ramirez, Unknown Heirs of Eusebia Ramirez de Garcia, Marcela Cerda Ramirez, Noe Ramirez, Noel Ramirez, Maria de Jesus Ramirez (a/k/a D.J. Ramirez), Maria Graciela Garcia, Noemi Bales, Norma Linda Parks, Andrea Alma Gonzalez (a/k/a Andrea R. Gonzalez), San Juanita Guadalupe Ramirez Pitts (a/k/a San Juanita Pitts), Unknown Heirs of Federico Ramirez, Unknown Heirs of Maria Ramirez de Lopez (collectively "Defendants"), and Starr County Tax Assessor/Collector ("Tax Assessor").[1] The parties agree that the just compensation as to Tract RGV-RGC-8007 ("Subject Property") is eighteen thousand nine hundred eighty-five dollars and 00/100 ($18,985.00)[2] and now seek an order (1) establishing just

---

[1] Dkt. No. 84.
[2] Dkt. No. 7.

1 / 9

compensation; (2) granting immediate possession of the Subject Property to the United States; (3) distributing the stipulated just compensation; and (4) closing this case on the Court's docket.

## I. BACKGROUND

1. This case was commenced on October 27, 2020 with the United States seeking a fee simple interest in real property identified as Tract RGV-RGC-8007.[3]  On November 5, 2020, the United States deposited eighteen thousand nine hundred eighty-five dollars and 00/100 ($18,985.00) with the Registry of the Court as estimated just compensation.[4]  Upon deposit of the estimated just compensation, title to the Subject Property vested in the name of the United States by operation of law.[5]

## II. STIPULATION AND JUDGMENT

2. The United States, Defendants, and Tax Assessor now agree and stipulate that the proper just compensation for Tract RGV-RGC-8007 in this action is eighteen thousand nine hundred eighty-five dollars and 00/100 ($18,985.00), and this is in full satisfaction of any claim of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action.  The parties request a final judgment be entered against the United States in the amount of eighteen thousand nine hundred eighty-five dollars and 00/100 ($18,985.00) for Tract RGV-RGC-8007.  Defendants warrant that (1) they are the owners of the Subject Property taken in this proceeding; (b) they have the exclusive right to the compensation, herein; excepting the interests of parties having liens, leases, encumbrances of record, and unpaid

---

[3] Dkt. Nos. 1, 2.
[4] Dkt. No. 7.
[5] Upon the filing of the Declaration of Taking and depositing the estimated compensation amount in the Registry of Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); *see E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit").

taxes and assessments, if any;[6] and (c) that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.[7]

3. The parties seek immediate disbursement of the funds on deposit in the Registry of the Court and have agreed that the funds should be disbursed as follows:

- **$5,907.56** to "Starr County Tax Assessor/Collector" Account No. 0021419, on account of the taxes owed on the subject property;

- **$1,746.54** to "Santos Ramirez Lopez" with accrued interest from the date of deposit;

- **$1,746.54** to "Aurora Ramirez Rodriguez" with accrued interest from the date of deposit;

- **$249.51** to "Linda Diana Soto Chapa" with accrued interest from the date of deposit;

- **$249.51** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for Joel Armando Alvarez until such time that he or any heirs should come forward to claim said funds;

- **$249.51** to "Jorge Alfredo Alvarez" with accrued interest from the date of deposit;

- **$249.51** to "Juan Abel Alvarez" with accrued interest from the date of deposit;

- **$249.50** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for Javier Alejandro Alvarez until such time that he or any heirs should come forward to claim said funds;

---

[6] Starr County Tax Assessor has asserted a claim that it is entitled to unpaid taxes and penalties on the subject property in the amount of $3,501.38. Defendants have not contested the claim made by Tax Assessor and further agree to disbursement of amounts to be made to Tax Assessor. As a result, Defendants and Tax Assessor are the only persons in this case with an identified interest in the subject property.

[7] Dkt. No. 84 at p. 7, ¶ 8(g).

- **$249.50** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for Sylvia Alvarez until such time that she or any heirs should come forward to claim said funds;

- **$249.50** to "Jose Adan Alvarez" with accrued interest from the date of deposit;

- **$1,746.53** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Rosendo Ramirez" until such time that he or any heirs should come forward to claim said funds;

- **$3,493.05** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Rene R. Ramirez" until such time that he or any heirs should come forward to claim said funds;

- **$649.56** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Eusebia Ramirez de Garcia" until such time that she or any heirs should come forward to claim said funds;

- **$48.04** to "Marcela Cerda Ramirez" with accrued interest from the date of deposit;

- **$75.19** to "Noe Ramirez" with accrued interest from the date of deposit;

- **$75.19** to "Noel Ramirez" with accrued interest from the date of deposit;

- **$75.19** to "Maria de Jesus Ramirez (a/k/a D.J. Ramirez)" with accrued interest from the date of deposit;

- **$75.19** to "Maria Graciela Garcia" with accrued interest from the date of deposit;

- **$75.19** to "Noemi Bales" with accrued interest from the date of deposit;

- **$75.19** to "Norma Linda Parks" with accrued interest from the date of deposit;

- **$75.19** to "Andrea Alma Gonzalez (a/k/a Andrea R. Gonzalez)" with accrued interest from the date of deposit;

- **$75.19** to "San Juanita Guadalupe Ramirez Pitts (a/k/a San Juanita Pitts)" with accrued interest from the date of deposit;

- **$649.56** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Federico Ramirez" until such time that he or any heirs should come forward to claim said funds; and

- **$649.56** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Maria Ramirez de Lopez" until such time that she or any heirs should come forward to claim said funds.

4. Based on the foregoing, the Court finds that since the parties are in agreement about the amount of compensation, just compensation has been established. Final judgment is hereby entered against the United States in the amount of eighteen thousand nine hundred eighty-five dollars and 00/100 ($18,985.00), along with any accrued interest. This sum is in full satisfaction of any claims whatsoever by Defendants against the United States for the institution and prosecution of the above-captioned action. The total said sum of eighteen thousand nine hundred eighty-five dollars and 00/100 ($18,985.00), with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount. Accordingly, five thousand nine hundred seven dollars and 56/100 ($5,907.56) shall be made payable to "Starr County Tax Assessor/Collector," Account No. 0021419, on account of the taxes owed on the subject property. Defendants remain responsible for the payment of any additional taxes or assessments, which they otherwise owe on the interests in the property taken in this proceeding on the date of the taking.

5. The parties have further agreed, in the event that any other party is ultimately determined to have any right to receive compensation for the interest taken in the Subject Property, Defendants shall refund to the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. §3116 from the date of receipt of the respective deposit by Defendants to the date of repayment into the Registry of the Court.

6. Additionally, the Court finds that the United States is entitled to immediate possession of the Subject Property, and all persons in possession or in control of the interests taken in the Subject Property are ordered by this Court to surrender possession to the United States.

7. The parties have also agreed that the parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.[8] The parties also agree that Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to accomplish their stipulated final judgment.[9]

8. Finally, the parties have agreed that Defendants shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interest in the property taken in this proceeding on the date of taking.[10]

### III. HOLDING

The Court **ORDERS** the Clerk of Court to **DISBURSE** the total sum of eighteen thousand nine hundred eighty-five dollars and 00/100 ($18,985.00), **along with any accrued interest earned thereon while on deposit**, payable by check as follows:

---

[8] *Id.* at p. 7, ¶ 8(i).
[9] *Id.* at p. 7, ¶ 8(k).
[10] *Id.* at p. 7, ¶ 8(l).

- **$5,907.56** to "Starr County Tax Assessor/Collector" Account No. 0021419, on account of the taxes owed on the subject property;

- **$1,746.54** to "Santos Ramirez Lopez" with accrued interest from the date of deposit;

- **$1,746.54** to "Aurora Ramirez Rodriguez" with accrued interest from the date of deposit;

- **$249.51** to "Linda Diana Soto Chapa" with accrued interest from the date of deposit;

- **$249.51** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for Joel Armando Alvarez until such time that he or any heirs should come forward to claim said funds;

- **$249.51** to "Jorge Alfredo Alvarez" with accrued interest from the date of deposit;

- **$249.51** to "Juan Abel Alvarez" with accrued interest from the date of deposit;

- **$249.50** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for Javier Alejandro Alvarez until such time that he or any heirs should come forward to claim said funds;

- **$249.50** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for Sylvia Alvarez until such time that she or any heirs should come forward to claim said funds;

- **$249.50** to "Jose Adan Alvarez" with accrued interest from the date of deposit;

- **$1,746.53** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Rosendo Ramirez" until such time that he or any heirs should come forward to claim said funds;

- **$3,493.05** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Rene R. Ramirez" until such time that he or any heirs should come forward to claim said funds;

- **$649.56** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Eusebia Ramirez de Garcia" until such time that she or any heirs should come forward to claim said funds;

- **$48.04** to "Marcela Cerda Ramirez" with accrued interest from the date of deposit;

- **$75.19** to "Noe Ramirez" with accrued interest from the date of deposit;

- **$75.19** to "Noel Ramirez" with accrued interest from the date of deposit;

- **$75.19** to "Maria de Jesus Ramirez (a/k/a D.J. Ramirez)" with accrued interest from the date of deposit;

- **$75.19** to "Maria Graciela Garcia" with accrued interest from the date of deposit;

- **$75.19** to "Noemi Bales" with accrued interest from the date of deposit;

- **$75.19** to "Norma Linda Parks" with accrued interest from the date of deposit;

- **$75.19** to "Andrea Alma Gonzalez (a/k/a Andrea R. Gonzalez)" with accrued interest from the date of deposit; and

- **$75.19** to "San Juanita Guadalupe Ramirez Pitts (a/k/a San Juanita Pitts)" with accrued interest from the date of deposit;

- **$649.56** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Federico Ramirez" until such time that he or any heirs should come forward to claim said funds; and

- **$649.56** with accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, for "Unknown Heirs of Maria Ramirez de Lopez" until such time that she or any heirs should come forward to claim said funds.

**IT IS HEREBY ORDERED** that this case be **DISMISSED** and **CLOSED** on the Court's docket.

SO ORDERED February 8, 2022, at McAllen, Texas.

_Randy Crane_
Randy Crane
United States District Judge